UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANNA SAC,

        Plaintiff,

  v.

ERIC HOLDER, Former U.S. Attorney General, BARACK H. OBAMA, MICHELLE OBAMA, ROBERT KHUZAMI, PREET BHARARA, and KATHERINE KELLY,

        Defendants.

Civ. No. 19-12056

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Application to Proceed *in Forma Pauperis* filed by Plaintiff Anna Sac. (ECF No. 8.) The Court has decided the Application based on Plaintiff's written submissions, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Application to Proceed *in Forma Pauperis* is granted, but the Complaint is dismissed.

## BACKGROUND

Plaintiff brings this case against a former President and First Lady of the United States, a former United States Attorney General, a former United States Attorney for the Southern District of New York, a former Director of the Division of Enforcement at the Securities and Exchange Commission, and Plaintiff's former supervisor at Bristol-Myers Squibb. (Compl. at 1–3, ECF No. 1.) She alleges the following:

> In 2012 I sued my former employer . . . . During that lawsuit I was forbidden to tell my lawyer and the judge that my computers, internet, phones and other electronic devices were under surveillance since I contacted the Securities and Exchange Commission (SEC) in May 2011. During that time my former employer was under [a] Deferred Prosecution Agreement with the SEC and Corporate Agreement with DOJ. However, since [Defendant] President Obama needed my former employer for [an] Obamacare Plan, instead of investigating my former employer, the SEC ([Defendant] Rob Khuzami), DOJ ([Defendant] Eric Holder), and [Defendant] President Obama invaded my privacy. Using fake personas, they infiltrated pharmaceutical social media called Cafepharma and coerced me into secrecy and obedience. They have made numerous threats and monitored me against my will. Their motif [*sic*] was to make me sign the Settlement Agreement with BMS and force me to divorce my husband.

(Compl. at 3.)

On August 2, 2019, Plaintiff filed the present Application to Proceed *in Forma Pauperis*. The Application includes an affidavit showing that Plaintiff has no income and is not employed. (Appl. at 1–2, ECF No. 8.) While her husband is employed (*id.* at 2), it appears that the couple is getting divorced (*see* Ex. to Letter at 1, ECF No. 7-1). Plaintiff has $400 cash. (Appl. at 2.) She reports owning a home worth $1.5 million, though it is not clear whether it has been paid off. (*Id.* at 3–4.) The Application to Proceed *in Forma Pauperis* is currently before the Court.

## **LEGAL STANDARD**

In considering an application to proceed *in forma pauperis*, the court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, the litigant must file an application that includes an affidavit of indigence stating the individual's total income, assets, and inability to pay filing fees. *See* § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). Second, the court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money

damages from defendants who are immune from such relief. *See* § 1915(e)(2)(B); *Roman*, 904 F.2d at 194 n.1.

## DISCUSSION

At the first step, Plaintiff is eligible to proceed *in forma pauperis*. She is not employed and reports no other sources of income. (Appl. at 1–2.) While Plaintiff owns a house worth a substantial amount of money, it is not clear that Plaintiff could access any of the equity in it, particularly in light of the pending divorce proceedings. The Court is satisfied that Plaintiff may proceed without paying fees.

At the second step, however, the Complaint is dismissed. A court may dismiss a complaint *sua sponte* if the facts therein are factually frivolous—that is, "irrational or . . . wholly incredible," "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)); *see also Hiltner v. Disney Corp.*, 2005 WL 2897492, at *1–2 (D.N.J. Oct. 31, 2005) (finding frivolous a lawsuit that, like others before it, "allege[d] that various characters and events portrayed in [Steven] King's novels are based on the Plaintiff and private events of her or her family"); *Kierstead v. Suter*, 903 F. Supp. 801, 802–03 (D.N.J. 1995) (dismissing claims that government conducted medical tests on the plaintiff, poisoned her, and used a computer program to cause her to gain weight). In making that determination, the court need not, as it would under a Rule 12(b)(6) motion, accept all pleaded facts as true. *Denton*, 504 U.S. at 32.

The Complaint in this case is factually frivolous. It is not far-fetched to imagine that the federal government might surveil ordinary people, but Plaintiff's accusations—that high-ranking government officials spied on her in order to gain her employer's support for an Obamacare plan

and to force her to settle a lawsuit with her employer and divorce her husband—stretch the bounds of believability. Therefore, the Complaint is dismissed.

## **CONCLUSION**

For the foregoing reasons, the Application to Proceed *in Forma Pauperis* is granted, and the Complaint is dismissed. An appropriate Order will follow.

Date:   8/14/19                                             */s/ Anne E. Thompson*  
                                                                        ANNE E. THOMPSON, U.S.D.J.